PHILLIP A. TALBERT
United States Attorney
EMILIA P. E. MORRIS
Assistant United States Attorney
Eastern District of California
2500 Tulare Street, 4401
Telephone:  (559) 497-4084
Mobile:  (559) 338-1517
Email:  Emilia.Morris@usdoj.gov

**FILED**

**Sep 09, 2022**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Attorneys for the United States

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE
ADMINISTRATIVE INSPECTION OF
PHILIP YEN, M.D

2725 Capitol Avenue, Suite 106
Sacramento, California 95816

**APPLICATION FOR ADMINISTRATIVE
INSPECTION WARRANT UNDER THE
CONTROLLED SUBSTANCES ACT,
21 U.S.C.  § 880**

**Investigator:  Nia Smith**

2:22-sw-0615 AC

**To: The United States Magistrate Judge, Eastern District of California**

The Controlled Substances Act, 21 U.S.C. §§ 801-904, (the "CSA") provides for government supervision of those individuals or entities engaged in manufacturing and distributing controlled substances ("registrants").  The CSA requires that a manufacturer or distributor of controlled substances be registered with the Drug Enforcement Administration (DEA).  21 U.S.C. § 822.  There are both civil and criminal penalties for violations of the Act.  21 U.S.C. §§ 825-865.

To ensure compliance with the CSA and its implementing regulations, the DEA is authorized to conduct inspections of a registrant's premises.  21 U.S.C. § 880.  Specifically, the CSA authorizes the DEA to conduct administrative inspections to:  (1) inspect records, reports, and other documents required to be kept or made under the Act; and (2) inspect the controlled premises, all pertinent equipment, drugs, and other substances or materials, containers, and labeling found therein (including records, files, papers, processes, controls and facilities)  appropriate for verification of the records,

reports and documents, or otherwise bearing on the provisions of the Act,[1] and (3) inventory the stock of any controlled substance and obtain samples of such substances.   21 U.S.C. § 880(b)(3).  "The statutory scheme envisioned by the Act is one of control through record keeping."  *United States v. Greenberg*, 334 F. Supp. 364, 366 (W.D. Pa. 1971).  "Any person who desires to shoulder the responsibility of engaging in the manufacture or distribution of these products … [is subject] to the regulatory system laid down by the 1970 Act."  *Id.*, at 367.

Upon a showing of probable cause, a United States District Judge or United States Magistrate Judge may issue a warrant for the purpose of conducting an administrative inspection.  21 U.S.C. § 880(d).  "Probable cause" is defined by the CSA as "a valid public interest in the effective enforcement of [the Act]."  21 U.S.C. § 880(d)(1).  "Probable cause" in the traditional criminal law sense is not required to support the issuance of an administrative warrant.  *Marshall v. Barlow's Inc.*, 436 U.S. 307, 320 (1978).  Rather, the fact that a registrant has never been inspected to ensure compliance with compulsory record-keeping requirements alone justifies an administrative warrant. *United States v. Prendergast*, 585 F. 2d 69, 70 (3d Cir. 1978) (citing *United States v. Goldfine*, 538 F. 2d 815, 818-819 (9th Cir. 1976)).  The subject registrant has not been inspected by DEA.  *See* Affidavit, at ¶6. In addition, a warrant is further justified in this circumstance given that key personnel declined to provide access to DEA Investigators to conduct an administrative inspection. *See* Affidavit, at ¶7.

The United States and Nia Smith, Diversion Investigator, United States Drug Enforcement Administration stationed in the Sacramento, California District Office, hereby apply for an Administrative Inspection Warrant pursuant to the Controlled Substances Act, 21 U.S.C.§ 880(d), for the inspection and search of the following controlled premises:

> Philip Yen, M.D..
> DEA #FY1781992
> 2725 Capitol Avenue, Suite 106
> Sacramento, CA 95816
> (916) 877-5250

---

[1] The Act provides for the inspection of items such as records, files and papers, the maintenance of which is not required under the Act, but which is appropriate for the verification of the requirements of the Act.  21U.S.C.§ 880(b)(3)(B).  The Act does not specifically provide for the copying of such items.  *Id.*

1    This Application for an Administrative Inspection Warrant is based upon the attached Affidavit.

2

3

4  Dated: September 9, 2022                    /s/ Emilia P. E. Morris
5                                              EMILIA P. E. MORRIS
                                               Assistant United States Attorney
6                                              United States Attorney's Office for the Eastern District of
                                               California
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | PHILLIP A. TALBERT
United States Attorney
2 | EMILIA P. E. MORRIS
Assistant United States Attorney
3 | Eastern District of California
2500 Tulare Street, Suite 4401
4 | Fresno, California 93721-1331
Telephone:  (559) 497-4084
5 | Mobile: (559) 338-1517
Email:  Emilia.Morris@usdoj.gov
6 |

7 | Attorneys for the United States

8 | **IN THE UNITED STATES DISTRICT COURT**

9 | **EASTERN DISTRICT OF CALIFORNIA**

10 |

11 | IN THE MATTER OF THE
ADMINISTRATIVE INSPECTION OF
12 | PHILIP YEN, M.D.:

**AFFIDAVIT FOR APPLICATION FOR ADMINISTRATIVE INSPECTION WARRANT UNDER THE CONTROLLED SUBSTANCES ACT, 21 U.S.C. § 880(d)**

13 |

**Investigator:  Nia Smith**

14 | 2725 Capitol Avenue, Suite 106
Sacramento, California 95816

15 |

16 |

The undersigned, Nia Smith, being duly sworn, declares:

17 |

1.      I am a Diversion Investigator with the Drug Enforcement Administration ("DEA"),

18 |

United States Department of Justice, assigned to the Sacramento California District Office.

19 |

2.      DEA hired me in August 2012.  I have received training in the manufacturing,

20 |

distribution, and dispensation of pharmaceutical controlled substances, and the corresponding records

21 |

and inventories that are required to be kept pursuant to the Comprehensive Drug Abuse Prevention and

22 |

Control Act of 1970, 21 U.S.C. §§ 801, *et seq*. (the "CSA" or the "Act").

23 |

3.      Sections 878(a)(2), 880(b)(1), (2), and (3), of the CSA authorize me as part of my job to

24 |

execute Administrative Inspection Warrants to inspect the controlled premises of persons and firms

25 |

registered under the CSA.  The inspections allow DEA Personnel to verify the correctness of all records,

26 |

reports and other documents the CSA requires a registrant to make and keep.  Specifically, the Act

27 |

authorizes the DEA to conduct administrative inspections to:  (1) inspect records, reports and other

28 |

1  documents required to be kept or made under the Act; and (2) inspect the controlled premises, all

2  pertinent equipment, drugs, and other substances or materials, containers, and labeling found therein

3  (including records, files, papers, processes, controls and facilities) appropriate for verification of the

4  records, reports and documents, or otherwise bearing on the provisions of the Act; and (3) inventory the

5  stock of any controlled substance and obtain samples of such substances.  21 U.S.C. § 880(b)(3).[1]

6      4.      Philip Yen, M.D. is registered under the CSA and has been assigned DEA Registration

7  Number FY1781992 in controlled substances Schedules 2-5.  This registrant conducts business as Philip

8  Yen, M.D. at 2725 Capitol Ave, Suite 106, Sacramento, California 95816.

9      5.      Philip Yen, M.D. and 2725 Capitol Ave, Suite 106, Sacramento, California 95816 are

10  controlled premises within the meaning of 21 U.S.C. § 880(a)(1) and (2) and 21 C.F.R. § 1316.02(c)(1)

11  and (2).  As such, Philip Yen, M.D., is required to keep complete and accurate records of all controlled

12  substances received, sold, delivered or otherwise disposed at this location.  21 U.S.C. § 827 and 21

13  C.F.R. § 1304.01, *et seq*.  The inspection of the controlled premises is designed to ensure Philip Yen,

14  M.D.'s compliance with the CSA and its regulations.

15      6.      I have examined the DEA's files, records and other databases, and determined the DEA

16  has not inspected Philip Yen, M.D., 2725 Capitol Avenue, Suite 106, Sacramento, California 95816 for

17  a routine scheduled investigation.

18      7.      On August 26, 2022, Supervisory Special Agent Clement Sze and I met with Kevin

19  Chandler, BSHA, RT(R)(CT)(MRI) Imaging Operations Manager at 2725 Capitol Avenue, Suite 106,

20  Sacramento, California 95816 and identified ourselves by showing DEA issued credentials to Kevin

21  Chandler. Supervisory Special Agent Clement Sze and I informed Kevin Chandler that we were present

22  to conduct an administrative inspection and presented a DEA-82 form, Notice of Inspection of

23  Controlled Premises for Philip Yen, M.D. After we explained the DEA-82 form, Kevin Chandler

24  contacted Desiree Bosco, Risk Manager for Sutter Health Group. Mr. Chandler thereafter told us that

25  Dr. Yen would not be signing the DEA-82 form and an Administrative Subpoena would be needed in

26

27      [1] The Act provides for the inspection of items such as records, files, and papers, the maintenance of which is not required under the Act, but such inspection is appropriate for the verification of the

28  requirements of the Act.  21 U.S.C.§ 880(b)(3)(a).  The Act does not specifically provide for the copying of such items.

WARRANT UNDER THE CONTROLLED SUBSTANCES ACT      2

1  order to obtain the controlled substance records for Philip Yen, M.D.

2          8.          Given these facts and based on the refusal to sign the DEA-82 form, I believe the

3  requested inspection will help protect the public's health and safety and will advance the CSA's public

4  interest in enforcing the Act's oversight provisions.

5          9.          The DEA needs to review Philip Yen, M.D.'s containers, and labeling, records, files,

6  papers, processes, controls and facilities appropriate for the verification of compliance with the CSA.

7  These records and materials to be reviewed include, but are not limited to, (i) written and electronic

8  correspondence regarding maintenance of inventories, theft or loss reports, communications related to

9  Philip Yen, M.D.'s compliance with the CSA, (ii) written policies, procedures and training regarding

10 maintenance of inventories, perpetual inventories, biennial inventories, and (iii) internal audits and

11 manuals or written material describing computer programs or other procedures Philip Yen, M.D. uses to

12 maintain inventories of controlled substances appropriate for the verification of the records, reports, and

13 documents required by the CSA.

14         10.         I will be accompanied by one or more Investigators during the inspection who are

15 employees of the Attorney General authorized to conduct administrative inspections and one or more

16 DEA Special Agents.  A return will be made to the on-duty Magistrate Judge upon the inspection's

17 completion.

18         11.         I have personal knowledge of the facts stated herein, and state they are true to the best of

19 my knowledge.

20

21

22 DATED:  September 9, 2022

23                                                          By: _____
                                                                   NIA SMITH
24                                                                 Diversion Investigator
25                                                                 Drug Enforcement Administration

26

27

28

APPLICATION FOR ADMINISTRATIVE INSPECTION
WARRANT UNDER THE CONTROLLED SUBSTANCES ACT          3

1

2   Sworn to before me and subscribed

3   In Sacramento, California
    On this  9th day of September, 2022

4

5

     _____
6    United States Magistrate Judge
     United States District Court
7    for the Eastern District of California

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  PHILLIP A. TALBERT
United States Attorney
2  EMILIA P. E. MORRIS
Assistant United States Attorney
3  Eastern District of California
501 I Street, Suite 10-100
4  Sacramento, CA  95814-2322
Telephone:  (559) 497-4084
5  Mobile:  (559) 338-1517
Email:  Emilia.Morris@usdoj.gov
6

7  Attorneys for the United States

8  **IN THE UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10

11  IN THE MATTER OF THE
ADMINISTRATIVE INSPECTION OF
12  PHILIP YEN, M.D.:

**WARRANT FOR INSPECTION**

**Investigator:  Nia Smith**

13  2725 Capitol Avenue, Suite 106
Sacramento, California 95816
14

2:22-sw-0615 AC

15

16  TO:  DIVERSION INVESTIGATOR NIA SMITH AND ANY OTHER DULY AUTHORIZED
INVESTIGATOR OR AGENT OF THE DRUG ENFORCEMENT ADMINISTRATION
17  (DEA), UNITED STATES DEPARTMENT OF JUSTICE.

18      Application having been made and probable cause as defined by 21 U.S.C. § 880(d) having been

19  shown by the affidavit of DEA Diversion Investigator Nia Smith for an inspection of the controlled

20  premises of Philip Yen, M.D., located at Capitol Pavilion, 2725 Capitol Avenue, Suite 106, Sacramento,

21  California and it appearing that such inspection is appropriate pursuant to 21 U.S.C. § 880(d), you are

22  hereby authorized to:

23          • Pursuant to 21 U.S.C. § 880(b)(3)(A), enter the above-described premises during normal

24              business hours and inspect and copy all records, reports, and other documents required to

25              be kept under this subchapter;

26          • Pursuant to 21 U.S.C. § 880(b)(3)(B), inspect within reasonable limits and in a

27              reasonable manner the controlled premises and all pertinent equipment, drugs, containers,

28              and labeling, and all other things therein, including records, files and papers, processes,

WARRANT FOR INSPECTION                                1

controls, and facilities appropriate for the verification of Philip Yen, M.D.'s compliance with the Controlled Substances Act; and

- Pursuant to 21 U.S.C. § 880(b)(3)(C), inventory any stock of any controlled substance and obtain samples of any such substance.

Specifically, pursuant to 21 U.S.C. § 880(b)(3)(A), you are hereby authorized to inspect, copy (with respect to electronic and hard-copy records), and remove for the purpose of copying (with respect to hard-copy records), the following from the above-described controlled substance premises:

1. All physical inventories (perpetual and biennial) of controlled substances;

2. Ordered material drug list of supplies;

3 Records of controlled substance transfers, purchases and distribution, including receipt and return records;

4. All records which refer to or are related to the dispensation, administration or distribution of controlled substances, including wastage logs;

5. Any and all copies of the Registrant's inventory of drugs surrendered (DEA Form 41); and

6. Reports of Theft or Loss of Controlled Substances (DEA Form 106).

Such authorization extends to the downloading or copying of any computerized or electronically stored records of controlled substances inventories, stocks, and dispensation records and any computerized or electronically stored information involving the verification of records, reports and documents required to be kept under the CSA.

In addition, pursuant to 21 U.S.C. § 880(b)(3)(B), for the purposes of verifying the records required to be kept under 21 U.S.C. § 880(b)(3)(A), you are hereby authorized to inspect, copy (with respect to electronic and hard-copy records) and remove for the purpose of copying (with respect to hard-copy records), the following from the above-described controlled substance premises:

1. Audits or other internal reports or memoranda generated for the purpose of maintaining accurate records and inventories of controlled substances;

2. Communications (written and electronic) regarding maintenance of inventories, theft or loss reports;

3.    Policies and communications (written and electronic) regarding Philip Yen, M.D.'s efforts to comply with the Controlled Substances Act;

4.    Copies of training materials and procedures regarding maintenance of inventory records;

5.    Copies of training materials and procedures regarding the performance of internal audits;

6.    Copies of manuals, or other material describing computer programs or other procedures used by Philip Yen, M.D. or his agents or employees to maintain inventories and for the prescribing and dispensing of controlled substances;

7.    Communications to/from Philip Yen, M.D. or his agents or employees to federal or state authorities related to loss, theft of controlled substances, maintaining inventories of controlled substances, and/or compliance with the Controlled Substances Act;

8.    Policies and communications regarding suspicious orders and or prescriptions or hospital orders being issued outside the usual course of professional practice;

9.    Communications to/from Philip Yen, M.D. or his agents or employees relating to suspicious orders and/or controlled substance prescriptions or hospital orders being issued outside the usual course of professional practice; and

10.   Copies of policies and communications for establishing and verifying any distributions and/or transferring of controlled substances.

Any original documents removed from the premises by DEA under the authority of this warrant shall be copied and returned within six (6) days of removal.  Philip Yen, M.D. shall be provided with a written inventory of any such records removed for the purpose of copying.

The undersigned DEA Diversion Investigator (and whoever is assisting) is, consistent with 42 C.F.R. § 2.53(a) and (b), providing written assurance that the undersigned DEA Diversion Investigator (and whoever is assisting) will not disclose patient identifying information (PII), except back to the program from which it was used.  Furthermore, DEA Diversion Investigators (and whoever is assisting) will only use the PII as necessary to carry out the audit or evaluation purposes as authorized.

//

//

//

1   A prompt return shall be made by the inspecting officers to the duty United States Magistrate Judge,

2   showing that the inspection has been completed and accounting for all property removed pursuant to this

3   warrant, not later than ten (10) days from the execution of this warrant.

4

5   DATED:  September 9, 2022.

6

7

8                                     ALLISON CLAIRE
                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28